UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0221 (WMW) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeremy Richard Lundin, | |
| Defendant. | |

This matter is before the Court on Plaintiff United States of America's motion for an order recognizing that Defendant Jeremy Richard Lundin has waived the attorney-client privilege with his former counsel, Joseph S. Friedberg, as it pertains to the allegations in his pending motion to vacate his sentence under Title 28, United States Code, Section 2255. (Dkt. 58.) Lundin does not dispute his waiver of privilege, but he argues that a court order recognizing the waiver is unnecessary.

When a criminal defendant alleges that he or she received ineffective assistance of counsel and puts their communications with defense counsel at issue, the defendant has waived the attorney-client privilege with respect to those communications. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *see also United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("Voluntary disclosure of attorney client communications expressly waives the

privilege."). When a defendant advances an ineffective-assistance-of-counsel claim in a Section 2255 motion, courts in this District have expressly recognized that, in doing so, the defendant waived the attorney-client privilege with respect to the allegations made in the Section 2255 motion. *See, e.g.*, *United States v. Penoncello*, No. 15-cr-0120, at Dkt. 143 (D. Minn. Feb. 7, 2018); *United States v. Smith*, No. 12-cr-0017, at Dkt. 136 (D. Minn. Apr. 26, 2017); *United States v. Vennes*, No. 11-cr-0141, at Dkt. 379 (D. Minn. Oct. 15, 2014).

Here, Lundin's Section 2255 motion alleges that Friedberg provided him ineffective assistance of counsel with respect to his sentencing in this case, thereby placing his sentencing-related communications with Friedberg at issue. Although Lundin contends that he can provide a waiver on the record at the evidentiary hearing on his motion, Lundin is not entitled to an evidentiary hearing unless the Court finds that a hearing is warranted. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; *accord Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Before this Court can make that determination, the United States should have a reasonable opportunity to access information that is necessary to respond to Lundin's claims. *See Nelson v. United States*, No. 4:04-cv-8005, 2010 WL 3398791, at *3 (W.D. Mo. Aug. 24, 2010) (recognizing privilege waiver and rejecting habeas petitioner's argument that the government should wait until an evidentiary hearing to inquire into petitioner's communications with his former counsel). Because Lundin has placed his sentencing-related communications with Friedberg at issue and the Court has ordered the United States to respond to Lundin's

2

allegations, the Court now recognizes that Lundin has waived the attorney-client privilege with respect to Lundin's allegations.

Based on the foregoing and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff United States of America's motion to recognize Defendant Jeremy Richard Lundin's waiver of attorney-client privilege, (Dkt. 58), is **GRANTED** with respect to the sentencing-related subject matter of the allegations in Lundin's Section 2255 motion.

2. The motion of the United States for an extension of time to respond to Lundin's Section 2255 motion, (Dkt. 67), is **GRANTED**.

3. The United States shall file a response to Lundin's Section 2255 motion no later than 7 days after the date of this Order.

4. Lundin may file a reply in support of his Section 2255 motion no later than 30 days after the United States files its response.

Dated: April 23, 2019                    s/Wilhelmina M. Wright
                                         Wilhelmina M. Wright
                                         United States District Judge